## No. 9685.

VAN GILDER AS RECEIVER OF THE GERMAN AMERICAN IN-
DEMNITY CO. *v.* PARKER.

Decided June 7, 1920.   Rehearing denied October 9, 1920.

Action on promissory note.   Judgment for defendant.

*Reversed.*

1. BILLS AND NOTES—*Promissory Note.* A promissory note executed

and delivered to an indemnity company to secure its policy holders, cannot be surrendered until the last of the policy holders is satisfied in full, and the facts that the policies have been reinsured and that the receiver of the company holds sufficient funds to secure all outstanding policies, cannot avoid this conclusion.

2. RECEIVERS—*Duties.* A receiver should sue on a note in his hands for the reason, among others, to escape the statute of limitations.

3. APPEAL AND ERROR—*Order—Presumption.* A judicial order not presented to the court for review, will be presumed to be lawful.

*Error to the District Court of Routt County, Hon. John I. Mullins, Judge.*

Mr. D. J. DAVIES, for plaintiff in error.

Mr. L. J. STARK, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

VAN GILDER, Receiver, brought suit in the District Court of Routt County against Parker on a promissory note and for foreclosure of a mortgage securing the same. The defense was that the note was accommodation paper without consideration. The cross-complaint demanded its surrender. The defendant had judgment and upon the cross-complaint the note was ordered surrendered. The plaintiff brings error.

Upon the trial the defendant was the only witness. He testified that the note was given to the German American Indemnity Company to be put up with the Commissioner of Insurance as part of the security required by statute, §§ 3098, 3099, R. S. 1908, for the benefit of policy holders.

The plaintiff was appointed receiver by the District Court of Denver. That court ordered the commissioner to deliver the securities held by him, including this note and mortgage, to the receiver,—which was done. The court by its order retained full control of the said securities.

It seems clear that the judgment for the defendant upon

the cross-complaint that the note and mortgage be surrendered by the receiver was erroneous.   Even if it were true, as defendant testified, that the note was an accommodation, put up only to secure policy holders, it cannot be surrendered until the last of the policy holders for whom it was put up is shown to be satisfied in full.   Neither the fact that the policies have been reinsured nor the fact that the receiver holds sufficient other funds to secure all outstanding policies can avoid this conclusion, because the court cannot know whether, upon the occurrence of a loss, these other securities or the re-insurance will still be available, and has no right to reduce the security of the policy holders in the least.

The receiver is required by the order of the court which appointed him to keep the securities, received from the Commissioner, and the proceeds thereof, in a separate fund, to be disposed of only upon order of court.   We must presume that that court will administer that fund properly, and will administer it for the benefit of the policy holders, if necessary and proper.   The receiver is, therefore, bringing this suit, it would seem, as much for the benefit of the policy holders as for creditors or anybody else, and so we cannot see how the facts shown by the evidence are any defense against a suit by him.   It may be that, if the proceeds of this note ultimately prove not to be required to satisfy the policy holders, they should be returned by the receiver to the maker.   That is not a matter, however, for consideration in this case.

The note being in the hands of the receiver for the benefit of such persons as the court in charge of the receiver shall determine, he, as a faithful trustee, must sue, for several reasons, among others to escape the statute of limitations. Under such circumstances it is manifestly immaterial whether the note was an accommodation or an unqualified liability.

The plaintiff in error rests his case principally upon the ground that the evidence was insufficient to show that the note was an accommodation: in view of what we have

said above, however, the question whether the note was an accommodation may have to be determined, ultimately, by the court in charge of the receiver; so here we will only say that the sufficiency of the evidence is doubtful.

The point is made that the commissioner had not power to transfer the note to the receiver and the latter has no power to sue on it, but the transfer is shown to have been made by order of the court, which, under some circumstances at least, has power to make such order, R. S. 1908, § 3099, and, since that order is not before us for review, we must presume that it was lawful.

The judgment should be reversed with directions to enter judgment and decree of foreclosure for plaintiff.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE SCOTT concur.